## ROSE v. STATE

Ohio Appeals, 7th Dist., Mahoning Co.

Nos. 1271 and 1272.   Decided Nov. 4, 1927.

**First Publication of this Opinion.**

**Syllabus by Editorial Staff.**

**661.  INTOXICATING LIQUOR.**
Evidence of prosecuting witness that he purchased liquor from accused and purchased other liquor, in adjoining room over which accused had control, from employee of accused, sufficient to support conviction of both possession and sale. Drake v. State, OA. 5 Abs. 649, followed and approved.

On motion for rehearing.

Motion refused.

H. H. Hull and D. F. Rendinell, Youngstown, for Rose.

R. L. Thomas, Youngstown, for State.

### FULL TEXT

POLLOCK, J. ·

These two actions were submitted to this court at the present term, and judgment entered affirming the judgment of the court below. This motion has been filed asking for a rehearing. In one of these actions Frank Rose was charged and convicted of possessing intoxicating liquors, in the other of selling. The two cases, without any objection being entered, were submitted upon the same evidence to the trial court. It is urged in this motion, as a ground for rehearing, that a party cannot be convicted of both selling and possessing intoxicating liquor, upon the same act and the same liquor. Our attention has been called to the case of Drake v. State, found in Vol. 5, No. 39, of Law Abstract, decided by the Court of Appeals of Franklin County, in which the principle claimed is announced, and also in the case of Munsey v. United States, 29 Fed. Rep., 780. We agree with the contention in this motion thus far, but like both of these other cases there may be facts and circumstances which warrant the conviction of both offenses, although the facts are adduced at the same time. In the case of Drake v. State, supra, the second proposition of the syllabus reads:

"Possession of other liquor, although in small amount, sufficient to justify conviction on possession charge."

In this case it appears that one Kiger, who was in the employ of the Prosecutor's office, went in company with a woman to the place where this liquor was sold and there he testifies to buying a drink of intoxicating liquor for himself and the woman who went with him, and to drinking it. He further asked for a bottle of liquor, was informed by Rose that he didn't sell by the bottle, but that the man in the next room would probably furnish it to him. He went to the door and spoke and the man came and he told him what he wanted. He purchased from that party, whose name he afterwards learned was Barrett, a bottle of liquor. When he left the room he was met by two police officers. They went back into the room and there Rose was placed under arrest. The man who sold the bottle said he was in the employ of Rose and had only been in his employ a few hours. They were both placed under arrest and as Rose was leaving the place he took the money out of the money drawer, put it in his pocket, turned out the lights and locked the room, indicating that he was in charge or possession of that room. The party who sold the bottle of liquor got it either in that room or the room which he was in, which was a room connected and used with the one in which Rose was in. He said that he was only employed by Rose.

From these facts we think there was evidence tending to show that Rose was in possession of more liquor than the drink that he sold to Kiger and the woman; in other words, we think from all the circumstances that appeared in the trial of the case that he was in possession of liquor in this room, and he was guilty on a charge of possession and also for selling a part of it to Kiger. Motion is refused and exceptions noted.